### DUPUY vs. BARLOW.

APPEAL from the court of the fourth district.

MATHEWS, J., delivered the opinion of the court. This is a case in which damages are claimed from a sheriff for negligence and improper conduct in executing process in a suit commenced by the plaintiff against a person whom he alleged to be his debtor. Judgment being rendered in his favor in the present suit, the defendant appealed.

In an action against a sheriff for not returning process, if a writ of sequestration issued, the presumption is that citation did also. The measure of damages is, the amount claimed in the previous suit.

The evidence of the case, as it appears on the record, shows, that Barlow, the present plaintiff, instituted a suit against J. T. Pemberton, to recover the amount of a due bill given by the latter on a final settlement of accounts

(VOL. IV. N. S.) 31

between these parties, which purported to be given for a balance due to the former on account of services rendered by him as manager or overseer of Pemberton's plantation. In the suit thus instituted, the petition contained the usual prayer for a citation, and also one for a writ of sequestration, requiring the sheriff to seize the crop of cotton then on the plantation, in the management of which the services of the plaintiff had been given. This writ was put into the hands of a deputy of the present defendant, but no return of service of it or of citation was ever made to the court from whence these writs issued. There is no evidence of a citation having actually issued: the testimonial proof shows, that the deputy sheriff was in possession of six bales of cotton seized on the plantation where the plaintiff has acted as overseer, subsequently to the writ of sequestration having been placed in his hands. The amount owing by Pemberton to the plaintiff, is ascertained by the production of the due bill; but subsequent to its date, it appears that Barlow had obtained a horse from his debtor, which he sold to one of the witnesses in this case for one hundred dollars. On these facts appear-

ing, the district court gave judgment in favor of the plaintiff for the full amount due by the defendant in the former suit.

There was a motion made in the court below for a new trial, based on two principal grounds : want of sufficient allegations in the petition, and, the inadequacy of the evidence to support the plaintiff's claim either in whole or in part. The objections to the judgment of the inferior court, now made on the appeal, have taken for their basis, grounds very similar to those relied on in the motion for a new trial.

In relation to the first of these objections, it suffices to observe, that the evidence of the cause was admitted without exceptions to its pertinency to the allegations of the petition; consequently, if it be sufficient to authorise a recovery against the defendant, judgment must be accordingly rendered, in pursuance of the law of the *Recopilacion*, so well adapted to cure all errors and defects of pleading, and which has already been applied to many cases by this court. The sole question which requires investigation, arises out of the evidence in the cause : does it show such negligence on the part of the sheriff as to make him responsible

East'n. District.
February 1826.

DUPUY
vs.
BARLOW.

to the plaintiff in damages, and is the amount of injury ascertained by it?

The only evidence on record relative to the citation in the suit commenced against Pemberton, is the prayer of the petition that such proof might issue. It was asserted in the course of the trial of this cause, and not denied, that the clerks of the different courts of the state make no record of citations until returns on them by the officers whose duty it is by law to serve them; consequently, a record in which no return of a citation is made never exhibits that process. As it was prayed for in the petition, it became the duty of the clerk to issue this process, and he must as a public officer be presumed to have done his duty, until the contrary be made to appear. It is then a legal presumption, that the sheriff had this writ as well as that of sequestration in his hands, and that he might have served them both; most clearly the latter, as it is shown that he had six bales of Pemberton's cotton in his possession after he had received it from the clerk. The attempt to show that this cotton was seized, and held by him as security for the payment of taxes due by Pemberton, has not, in our opinion, been suc-

cessful; for, there is no evidence which shows
that any were due, on the amount of them.
By the negligence of the sheriff, in not properly
serving and returning process, the plaintiff
has been prevented from recovering in the
suit by him commenced against Pemberton,
the amount of his claim; for, it is shown, that
the cotton which his deputy ought to have
holden by virtue of the sequestration, was
equal in value to the amount of said claim.
The injury done to him by the negligence and
misconduct of the officer, is equivalent to the
debt, which he thereby failed to recover; and
the measure of remuneration ought to conform
exactly thereto. But he has since received
from Pemberton property to the value of one
hundred dollars, as appears by the testimony
of one of the witnesses. This testimony is not
impeached or positively contradicted by any
facts apparent on the record; it must there-
fore be received as true, and the amount thus
proven to have been received by the plaintiff
may fairly be viewed as a payment *pro tanto*
of the claim or debt which was the foundation
of his former suit. The amount which he
might have recovered in that suit, being the
measure of damages for which the present

East'n. District. defendant ought to answer, must be reduced
*February* 1826. by partial payments of the original debt.

Dupuy
*vs.*
Barlow.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant, two hundred and nineteen dollars, with legal interest from the judicial demand in the suit *versus* Pemberton, and that the appellee pay the cost of this appeal.

*Porter* for the plaintiff, *Hiriart* for the defendant.